IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AARON OKUDA,

        Plaintiff,

                              3:13-CV-872-PK

                              OPINION AND ORDER

v.

KAISER PERMANENTE and LEGACY
HEALTH SYSTEMS,

        Defendants.

**BROWN, Judge:**

        Plaintiff Aaron Okuda filed this *pro se* action against defendants Kaiser Permanente and Legacy Health Systems on May 23, 2013. For the reasons set forth below, Ellis' action is dismissed without prejudice pursuant to Federal Civil Procedure Rule 12(h)(3).

        Plaintiff's complaint is not a model of clarity. However, analysis of the allegations

Page 1 - OPINION AND ORDER

contained therein establishes that plaintiff intends by and through his complaint to allege defendants' liability for causes of action arising out of the conduct of his own and his daughter's health care providers in making an allegedly inaccurate diagnosis of plaintiff's medical condition, in prescribing an allegedly "high risk" medication to his daughter, in ordering HIV testing of plaintiff on more than one occasion without his consent, and in making a "possible"derogatory comment made regarding plaintiff. Plaintiff asserts that this court may properly exercise federal-question jurisdiction over his action, and asserts no other basis for this court's subject-matter jurisdiction.

I note, preliminarily, that this court may not properly exercise diversity jurisdiction over plaintiff's action. Plaintiff alleges his own Oregon citizenship, and although he does not allege the citizenship of either defendant, I take judicial notice that complete diversity of citizenship is not present here, due to defendant Legacy Health Systems' Oregon citizenship. *See* 28 U.S.C. § 1332.

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). None of the conduct plaintiff complains of supports any cause of action that would give rise to any clear federal question. In consequence, this court lacks subject-matter jurisdiction over plaintiff's action, *see* 28 U.S.C. § 1331, and therefore lacks authority to consider the merits of plaintiff's claims. Plaintiff's action is dismissed without prejudice for lack of subject-matter jurisdiction.

## CONCLUSION

For these reasons, the Court **DISMISSES** plaintiff's complaint without prejudice for lack of subject-matter jurisdiction. In light of the fact that plaintiff appears *pro se,* the Court grants plaintiff leave to file an amended complaint **no later than July 22, 2013,** for the purpose of curing the deficiencies set out herein. *See Lira v. Herrera,* 427 F.3d 1164, 1176 (9th Cir. 2005) "Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs.") (quoting *Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir. 2003)(internal quotations omitted)). If plaintiff does not file an amended complaint by July 22, 2013, or the amended complaint does not cure the deficiencies as set out herein, the Court will dismiss this matter without prejudice for lack of subject-matter jurisdiction and enter a final judgment.

IT IS SO ORDERED.

DATED this 21st day of June, 2013.

*[signature]*

ANNA J. BROWN
United States District Judge